UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARCO T. BARBANTI, a single person,<br><br>Plaintiff,<br><br>v.<br><br>BENEFICIAL WASHINGTON, INC., d/b/a BENEFICIAL MORTGAGE CO. OF WASHINGTON, a Delaware Corporation; DAVID A. WEIBEL and JANE DOE WEIBEL, husband and wife; BISHOP, WHITE & MARSHALL, P.S., a Washington professional services corporation,<br><br>Defendants. | NO. CV-05-318-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Defendants Bishop, White & Marshall, and Weibel's Motion to Dismiss, pursuant Fed. R. Civ. P. 12(b)(6) (Ct. Rec. 4); Defendant Beneficial Washington, Inc.'s Motion to Dismiss, pursuant to Fed. R. Civ. P.12(b)(6) (Ct. Rec. 10); Plaintiff's Motion for Partial Summary Judgment (Ct. Rec. 27); and Plaintiff's Motion for Partial Summary Judgment (Ct. Rec. 37). A hearing was held on the motions on January 26, 2006. Plaintiff was represented by Timothy Durkop. Defendants Bishop, White & Marshall, and Weibel were represented telephonically by Ann Marshall; Defendants Beneficial Washington was represented by Aneelah Afzali.

///

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 1**

## BACKGROUND

The following facts are alleged in Plaintiff's complaint:

In April 1997, Plaintiff Marco Barbanti incurred an obligation to Defendant Beneficial Washington to pay money arising out of a transaction primarily for personal, family, or household purposes. The security for the debt consisted of two deeds of trust for two pieces of real property with single family residences located in Spokane County, Washington. According to Plaintiff, in April 2005, Defendant Beneficial sent Plaintiff an account billing statement that showed an amount due of $7510.07. Plaintiff paid this sum with a cashier's check that has been verified as being cashed by Defendant Beneficial. On October 3, 2005, Defendant Beneficial issued a check in the amount of $800.06 to pay to the order of Plaintiff because it had determined that Plaintiff was entitled to a refund. Plaintiff states that Defendant Beneficial did not send Plaintiff any further account billing statements after the April 2005 account billing statement. Plaintiff asserts that Defendant Beneficial Washington does business as a "debt collector" in the Eastern District of Washington as defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a(6).

Defendant David Weibel is the Assistant Secretary of Defendant Bishop, White & Marshall, which is a law firm located in Seattle, Washington. On September 6, 2005, Defendants sent Plaintiff a "Notice of Default" ("NOD") that stated Plaintiff was delinquent and had failed to pay monthly payments from October 1, 2004, through September 1, 2005, for a total claimed due of $8987.85. The NOD stated Plaintiff owed one payment in the amount of $682.63 and eleven payments at $755.02. Plaintiff asserts that Defendant Beneficial previously informed Plaintiff the monthly payment amount on this account was $730.89.

Plaintiff asserts the NOD was defective because it failed to itemize the alleged defaults attributed to each deed of trust. Consequently, Defendants violated Wash. Rev. Code § 61.24 because they commenced a non-judicial deed of

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 2**

trust foreclosure under two separate deeds of trust in the same NOD. Also, the NOD contains a charge in the amount of $4847.74, which is not documented, identified, or itemized as required by Wash. Rev. Code § 61.24.030(7). Finally, the NOD contains a charge of $20.00 for recording, even though Plaintiff has been unable to find any document in the records of Spokane County which Defendants have recorded prior to the mailing of the NOD.

Plaintiff asserts that Defendant Bishop, White & Marshall is a "debt collector" engaged in the business of collecting debts within the State of Washington which were originally owed another. He alleges that Defendant Bishop, White & Marshall violated the FDCPA by: (1) attempting to collect monthly payments which the Plaintiff has already paid; (2) failing to itemize the alleged defaults under the separate deeds of trust for which non-judicial foreclosure proceedings have been commenced; (3) requiring the Plaintiff to pay an unexplained sum labeled "Lender-Other" as a condition to reinstatement; (4) requiring the Plaintiff to pay a charge for recording a document when no apparent recording of a document has taken place; and (5) alleging amounts due as monthly payments which were inconsistent with the amounts provided to Plaintiff by Defendant Beneficial.

Plaintiff is also asserting a breach of contract claim against the Defendants for failing to allow Plaintiff to cure the default under each deed of trust and under the related obligation and violations of Washington state laws governing non-judicial foreclosure of deeds of trust.

Although Plaintiff references the NOD in his complaint and states the NOD was attached to the complaint as Exhibit 1, there is no such exhibit in the record. Plaintiff provided a copy of the NOD attached to the Memorandum in Opposition to Motion to Dismiss Defendants Bishop, White & Marshall, P.S. and the Weibel Defendants.

///

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 3**

The NOD provided the following notice:

> NOTICE: WE ARE A DEBT COLLECTOR. THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR PURPOSES OF DEBT COLLECTION.

The NOD also instructed Plaintiff that to bring the loan current or pay it off, Plaintiff must contact Defendant Bishop, White & Marshall. Payoff money was to be tendered to Defendant Bishop, White & Marshall.

## DISCUSSION

The procedural posturing of this case is a bit unusual. On November 7, 2005, Defendants Bishop, White and Marshall, and Weibel moved for dismissal of the federal claims for failure to state a claim upon which relief can be granted. Plaintiff timely filed his response to the motion on November 18, 2005. On December 6, 2005, Plaintiff filed a Motion for Partial Summary Judgment against Defendant Bishop, White and Marshall, and the Weibel Defendants. The accompanying memorandum is entitled "Opposition to Motion to Dismiss Pursuant to FRCP 12(b)(6) and in Support of Motion for Partial Summary Judgment." In this pleading, Plaintiff refutes arguments presented in Defendants' Reply in Support of Motion to Dismiss as well as present similar arguments in support of his Motion for Partial Summary Judgment.

Defendant Beneficial Washington filed a Motion to Dismiss on November 14, 2005. Plaintiff failed to file a response within the local rules deadline. Instead, on December 13, 2005, Plaintiff filed a motion for partial summary judgment against Defendant Beneficial and submitted a memorandum entitled, "Plaintiff's Memorandum in Opposition to Motion to Defendant Beneficial's Motion to Dismiss Pursuant to FRCP 12(b)(6) and in Support of Motion for Partial Summary Judgment Against Beneficial." Understandably, Defendant objected to the untimeliness of the response. In the interest of justice, however, the Court will

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 4**

consider Plaintiff's late response in deciding Defendant's Motion to Dismiss.

Also in his complaint, Plaintiff alleges that in April 2005, Defendant Beneficial Washington sent him a billing statement regarding his Loan Agreement. After he paid this amount, Defendant Beneficial did not send him any further account billing statements. Plaintiff did not allege in his complaint that Defendant Beneficial sent him any other correspondence or communication seeking to collect the debt alleged owed by Plaintiff. In his Declaration in Support of his Motion for Summary Judgment, however, Plaintiff provided the Court with three letters that were addressed to Plaintiff: (1) May 16, 2003, on Beneficial letterhead; (2) February 24, 2004, on Household letterhead; and (3) April 20, 2005, on HSBC letterhead. In his Motion for Partial Summary Judgment, Plaintiff asserts that these letters violated the FDCPA.

When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it should convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003). In this case, Defendant Beneficial filed a responsive pleading to Plaintiff's Response to Motion to Dismiss and Plaintiff's Motion for Summary Judgment. Based on the unusual posturing of this case, the Court will consider the letters in ruling on the pending motions.

**A.    Standard of Review**

    **1.    Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a Fed. R. Civ. P. 12(b)(6) motion, the court accepts all allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). The court will not dismiss a complaint for failure to state a claim "unless it

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 5**

appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro*, 250 F.3d at 732.

### 2. Fed. R. Civ. P. 56

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

**B.     Fair Debt Collections Practices Act**

Plaintiff asserts subject matter jurisdiction based on claims that Defendants violated the Fair Debt Collections Practice Act, 15 U.S.C. § 1692, *et seq.* The purpose of the FDCPA is threefold: "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." § 1692(e). The basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve "the right to be treated in a reasonable and civil manner." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).

Under the Act, a debt collector may not use any false, deceptive, or

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 6**

misleading representation or means in connection with the collection of any debt. § 1692e. Nor can a debt collector engage in any conduct that harasses, oppresses, or abuses any person in connection with the collection of a debt. § 1692d. The Act also prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. § 1962f.

In order for the Act to apply to a particular person or entity, the person or entity must be a debt collector who undertakes an action in connection with the collection of a debt. Only parties who meet the statutory definition of "debt collector" are subject to civil liability under the FDCPA. § 1692k.

The FDCPA defines both "debt collectors" and "debts."

15 U.S.C. § 1592a(6) defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly, or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1592a(5) defines "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**C.    Defendants Bishop, White & Marshall and Weibel Defendants**

Defendants Bishop, White & Marshall, and Weibels argue that they are not debt collectors within the meaning of the FDCPA because they are only seeking to enforce a security interest and are not seeking to collect money. They also argue that even if they meet the definition of a debt collector, they were not engaged in debt collecting activity when they sent the Notice of Default to Plaintiff in connection with the non-judicial foreclosure of two deeds of trust granted by

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 7**

Plaintiff to Defendant Beneficial Mortgage. Although several district courts have adopted this reasoning, *see infra,* in so ruling, the courts have created a legal fiction that is not supported by a plain reading of the statute.

Clearly, not all obligations to pay are considered "debts" under the Act. *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997) ("Because not all obligations to pay are considered "debts" under the Act, the definition of "debt" thus serves to limit the scope of the FDCPA."); *see also Bloom v. I.C. System, Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992) (recognizing that the FDCPA applies to consumer debts and not business loans). Here, however, there is no dispute that Plaintiff incurred an obligation to pay money that arose out of a transaction in which the money or property which was the subject of the transaction was primarily for personal, family, or household purposes when he executed the deeds of trust. Moreover, there is no express exemption in the statute that would free obligations that are secured by a deed of trust from the definition of a "debt." *Bass,* 111 F.3d at 1326 (admonishing that courts are prohibited from reading into clear statutory language a restriction that Congress itself did not include). Instead, the statute specifies debt as "any obligation to . . . pay money." *See id.* at 1325 (holding that the clear and absolute language in the phrase "any obligation to pay" may not be alternatively read to reference a limited set of obligations). While the remedy may be the foreclosure of the deed of trust, Plaintiff has, nonetheless, an obligation to pay money to Defendant Beneficial. *Id.* ("As long as the transaction creates an obligation to pay, a debt is created.").

Additionally, under Washington law, the beneficiary is not entitled to the return of the real property—only to the recovery of the funds, or other performance secured by the land, in addition to interests, payments, fees, and costs as permitted by the documents and law. 27 Majorie Rombauer, Washington Practice: Creditors' Remedies–Debtors' Relief § 3.31, at 171 (1998). The beneficiary will recover the land only if certain procedures are followed and no one is willing to pay the

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 8**

monies owed. *Id.* Under Washington law, then, the general practice is that when one is enforcing a security interest through non-judicial foreclosure, the result will be *payment* of the *obligation* that was secured by the real property being foreclosed upon. Thus, the Court concludes that for purpose of this case, Plaintiff's obligation to pay money that is secured by a deed of trust is a debt as defined by the FDCPA.

In making their arguments that they are not debt collectors under the FDCPA, Defendants rely primarily on a district court case from the District of Oregon, *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp. 2d 1188 (D. Or. 2002). In that case, the plaintiff was alleging that the law firm violated the FDCPA by sending out a letter advising them that their property was scheduled to be sold at a trustee's sale, and by contacting them through telephone calls and correspondence despite knowing that plaintiffs were represented by an attorney. *Id.* at 1210. The defendant law firm also caused a trustee's notice of sale to be filed in the county deed records and placed a sign on the front gate of the property that read "URGENT NOTICE," and instructed the property's occupants to contact the law firm to arrange for documents regarding the foreclosure of the property. *Id.*

The district court concluded that foreclosing on a trust deed is distinct from the collection of the obligation to pay money. *Id.* at 1203. According to the district court, the payment of funds is not the object of the foreclosure action; rather, the lender is foreclosing its interest in the property. *Id.* In so ruling, the court relied on a district court case from the District of West Virginia in *Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716 (D. W.Va. 1998), in which the court held that the publication of the notice of sale and the final trustee's sale were not actions taken to collect on a debt, and therefore, did not fall under the ambit of the FDCPA. *Id.*

Although the Court is not convinced the distinction is worth merit, it should be noted that in both cases, the conduct undertaken by the law firms did not involve the request for payment of monies. In this case, Defendants were not only

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 9**

instituting foreclosure proceedings, but were also attempting to collect the money owed on the loan. This is evidenced by the NOD instructing Plaintiff that to bring the loan current or to pay it off, Plaintiff must tender the money to Defendant Bishop, White & Marshall. Plaintiff is not alleging violations of the FDCPA for causing a trustee's notice of sale to be recorded in the county deed records, or for posting a notice on the property. Instead, Plaintiff is alleging that Defendants were attempting to collect monthly payments that Plaintiff had already paid in full.

The Court is inclined to agree with the reasoning of the district court in *Pettway v. Harmon Law Offices, P.C.*, 2005 WL 2365331 (D. Mass. Sept. 27, 2005). In that case, the district court distinguished those cases that allege abuses of the foreclosure process that were only tangentially related to the payment of the underlying debt. *Id.* at *5. The court relied on cases where the defendant law firms were seeking the repayment of various costs, including legal fees, that were authorized by a debt agreement, and concluded that "[t]he fact that these defendant law firms were also seeking to foreclose on the pledged property did not insulate them from FDCPA liability for making incomplete and misleading statements about the debt owed." *Id.*

In *Sandlin v. Shapiro & Fishman*, 919 F. Supp. 1564 (M.D. Fl. 1996), the district court distinguished prior cases that held that attorneys representing creditors were not debt collectors, from the facts in its case where the law firm instructed the debtor to pay it, not the creditor. Likewise, in *Williams v. Trott*, 822 F.Supp. 1266 (E.D. Mich. 1993), the district court noted that most courts that have held that the Act covers attorneys who represent creditors have done so in circumstances where the attorney actually sent the debtor a demand letter. *Id.* at 1268 (*citing Crossley v. Lieberman*, 868 F.2d 566 (3d Cir. 1989) (attorney who sent demand letter to collect debt and requested that money be paid to him was debt collector under the Act); *Strange v. Wexler*, 796 F.Supp. 1117 (N.D. Ill. 1992) (lawyer who sent letter demanding payment and threatening litigation was debt

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 10**

collector); *Stojanovski v. Strobl and Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992) (attorney who sent plaintiffs letter encouraging them to bring delinquent account current and avoid litigation was a debt collector).

  Another line of cases have concluded that the enforcement of a security interest, regardless of whether the law firm was requesting payment of funds, is debt collection under the FDCPA. *See Piper v. Portnoff Law Assoc., Ltd*, 396 F.3d 227, 234 (3d Cir. 2005) ("The fact that the [statute] provided a lien to secure the [plaintiff's] debt does not change its character as a debt or turn the [defendant's] communications to the [plaintiffs] into something other than an effort to collect that debt."); *In re Martinez*, 311 F.3d 1272 (11th Cir. 2002) (affirming district court ruling that the FDCPA applies to the service of mortgage foreclosure packet including a summons, complaint, and related items called for by Florida mortgage foreclosure law); *Ray v. International Bank, Inc.*, 2005 WL 2305017 (D. Colo. Sept. 21, 2005) ("Construed broadly, a foreclosure proceedings is a form of debt collection."); *Peeples v. Blatt*, 2001 WL 921731 (N.D. Ill. Aug. 15, 2001) (rejecting defendant's argument that it was not seeking to collect any money because it was only seeking to enforce a security interest; "this argument only describes the characteristic of the defendants' collection activities, not the underlying obligation upon which defendants' actions were based.").

  Finally, the Third Circuit in *Piper* construed section § 1692i[1] as evidence of a Congressional intent to extend the provisions of the Act to consumer defendants in suits brought to enforce security interests in real property when it held that the

---

[1] (a) Venue.

Any debt collector who brings any legal action on a debt against a consumer shall (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located. 15 U.S.C. § 1692i.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 11**

FDCPA applied to defendants who communicated with debtors in an effort to secure payments of debts, even if those debts were secured by real property. *Piper*, 396 F.3d at 236. The *Piper* court recognized that:

> "[t]he determinative factor . . . is whether the obligation of the [plaintiffs] fit the statutory definition of a "debt" and whether the [defendant's] activities fit the statutory definition of a "debt collector . . . We agree with the district court that if a collector were able to avoid liability under the FDCPA simply by choosing to proceed *in rem* rather than *in personam*, it would undermine the purpose of the FDCPA."

*Id.*

Here, because Plaintiff's obligation to pay Defendant Beneficial Washington meets the statutory definition of "debt" and Defendant Bishop, White & Marshall's activities as alleged by Plaintiff fit the statutory definition of "debt collector," Plaintiff has stated a claim upon which relief can be granted.

Even so, summary judgment based on Plaintiff's motion is not appropriate. In his memorandum in support of his motion for partial summary judgment, Plaintiff expends considerable energy refuting Defendant's arguments that were presented in Defendant's Motion to Dismiss, and that were already presented in his response to Defendant's Motion to Dismiss. Plaintiff does not present any evidence or argument that would support a finding that there is no genuine issue as to any material fact, or that Plaintiff is entitled to judgment as a matter of law regarding his allegations that Defendants violated the FDCPA.

**D.  Defendant Beneficial Washington**

Defendant Beneficial argues that Plaintiff's claim against it must be dismissed for failure to state a claim because Defendant Beneficial is not a "debt collector" within the meaning of the FDCPA for two reasons: (1) the statutory definition does not include creditors, like Beneficial, who are collecting their own debts; and (2) Beneficial, as the original lender, falls within the express exclusion

for loan originators in the statute.  Defendant Beneficial also asserts the same arguments as the other Defendants–that is, conduct in connection with foreclosure on a deed of trust does not amount to debt collection activity under FDCPA.

As discussed *supra*, in his motion for summary judgment, Plaintiff asserts that three letters written by Defendant that were addressed to Plaintiff violated the FDCPA and the Court concluded it will consider the letters in ruling on the pending motions.

Defendant argues that Plaintiff cannot sustain a claim against it because the FDCPA does not apply to creditors, like Defendant Beneficial, who are collecting on their own debts.  Plaintiff asserts that even creditors can be "debt collectors" under the FDCPA, if the creditor uses any name other than his own which would indicate that a third person is collecting, or attempting to collect, such debts.  Both parties are correct.

15 U.S.C. § 1692a(6) excludes the following persons from the definition of a debt collector: (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (ii) concerns a debt which was originated by such person.  Section 1692a(6) also states that the exemption found in subsection (F) does not apply if a creditor, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

Defendant Beneficial argues that it qualifies for the creditor exemption because it used the name of HSBC, its affiliate, to collect its debt.  *See* 15 U.S.C. § 1962a(6)(B) ("'debt collector' does not include 'any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related, or affiliated and if the principal business of such person is not the collection of debts.'").  In response to Plaintiff's motion for partial summary judgment, Defendant submitted a Corporate Disclosure Statement.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 13**

While this statement may address the first prong of the affiliate exception, it does not address the second, namely, whether the principal business of the affiliate is the collection of debts. Consequently, Defendant has not shown that there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory to warrant dismissal of Plaintiff's claims.

Also at the hearing, Defendant argued that even though the letter did not identify HSBC as an affiliate, the fact that is was an affiliate was enough to trigger the creditor exemption. The Court disagrees. Although no Ninth Circuit case law has addressed this issue on point, the Circuit has applied the "least sophisticated debtor" standard to allegations of false, deceptive or misleading collection activities, and allegations of unfair or unconscionable methods of debt collection. *Dunlap v. Credit Protection Ass'n., L.P.*, 419 F.3d 1011, 1012 (9th Cir. 2005); *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1056 (9th Cir. 2002); *Wade v. Regional Credit Assoc.*, 87 F.3d 1098, 1100 (9th Cir. 1996). In *Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1997), the Circuit applied the "least sophisticated debtor" standard to allegations that the language in a letter sent by a collection agency contradicted and overshadowed the statutorily required validation notice so as to confuse or mislead a least sophisticated debtor. *Id.* at 1431.

There is no reason not to apply this same standard to determine whether a creditor who uses an affiliate to collect a debt is exempted from the FDCPA. Thus, in analyzing Plaintiff's claim, the crucial question is whether the use of the affiliate's name would confuse or mislead a least sophisticated debtor. *See McClean v.Melville Corp.*, 1995 WL 646384 (N.D. Ill. Oct. 25, 1995) (applying "unsophisticated debtor" standard to determine whether a creditor's letter uses a name which would indicate that a third person is collecting or attempting to collect the debt.)

In this case, the letter sent by Defendant Beneficial could confuse the "least

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 14**

sophisticated debtor." Thus, Plaintiff has stated a claim upon which relief can be granted.

In his Motion for Summary Judgment, Plaintiff argues that there are no disputed facts as to Defendant Beneficial's collection activity in a different name, and as such, Plaintiff is entitled to summary judgment on the converse legal issue. This is not true. While Plaintiff has shown that he has stated a claim, he has not shown that there is no genuine issue as to any material fact or that Plaintiff is entitled to judgment as a matter of law. Specifically, Plaintiff has not shown there are no issues of material fact regarding whether the principal business of HSBC is not the collection of debts, has not addressed whether a "least sophisticated debtor" would be confused by the letter, and has not proved that the letters violated any provision of the FDCPA.

Accordingly**, IT IS HEREBY ORDERED**:

1. Defendant Bishop, White & Marshall, P.S.'s and the Weibel Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Ct. Rec. 4) is **DENIED**.

2. Defendant Beneficial Washington's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Ct. Rec. 10) is **DENIED**.

3. Plaintiff's Motion for Leave to File Excess Pages (Ct. Rec. 13) is **GRANTED**.

4. Plaintiff's Motion to Continue Hearing on Motion to Dismiss (Ct. Rec. 20) is **DENIED** as moot.

5. Plaintiff's Motion to Strike Reply Memorandum (Ct. Rec. 21) is **DENIED**.

6. Plaintiff's Motion for Leave to File Excess Pages (Ct. Rec. 22) is **GRANTED**.

///

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 15**

7. Plaintiff's Motion for Partial Summary Judgment (Ct. Rec. 27) is **DENIED**.

8. Plaintiff's Motion for Partial Summary Judgment (Ct. Rec. 37) is **DENIED**.

9. Plaintiff's Motion for Leave to File Excess Pages (Ct. Rec. 41) is **GRANTED**.

10. Plaintiff's Motion for Leave to File Excess Pages (Ct. Rec. 50) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 15th day of February, 2006.

s/ Robert H. Whaley

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Barbanti\dismissord.wpd

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 16**